LABORDE, Judge.
Defendant, Dewitt Braxton, was indicted by a grand jury for malfeasance in office and conspiracy to manufacture marijuana, in violation of LSA-R.S. 14:134, and LSA-R.S. 40:966(A) and 40:979(A) respectively. Following a bench trial, defendant was convicted on both charges and sentenced to pay $500 and serve six (6) months in the parish jail for malfeasance in office, and $2,500 and five (5) years at hard labor for conspiracy to manufacture marijuana. The sentences were suspended and defendant was placed on supervised probation for two (2) years and five (5) years respectively, to run concurrently. The latter ' probation was subject to a special condition that defendant serve 180 days in the parish jail at a rate of two (2) days per week. Defendant appeals, urging, eight (8) assignments of error. We affirm.
*1019 FACTS
In late January or early February 1980, the defendant, Dewitt Braxton, approached Gary Harper at a Parade service station in Natchitoches Parish and stated that he had to contact Roy Harper, Gary Harper’s brother. Several days later, Roy Harper and the defendant met at the residence of Jenece Dupree, Roy’s sister. At that time, these men had a conversation in the defendant’s patrol car, in which the defendant stated that he knew a businessman who wanted Roy to grow marijuana for him. It should be noted that the defendant was employed by the Natchitoches Parish Sheriff’s Office from August 1, 1973 until June 30, 1980.
Several days later, Roy Harper saw the defendant at the Natchitoches Parish Sheriff’s Office and the defendant reurged him to meet with Terry Williams, the businessman interested in growing marijuana. Subsequent to this meeting, Roy began cultivation of an acre of marijuana, containing about 4,200 plants, at Cloud’s Crossing, near Campti, Louisiana.
Harper claimed that in mid-June 1980, the defendant visited the location where the marijuana was being grown and he stated to him that the plants were looking good and that they should be cut. Roy estimated that the plants were between seven and eight feet tall at the time of the defendant’s visit.
In July, 1980, the defendant visited the marijuana farm with Terry Williams and they walked about the entire garden. At the time, the marijuana was estimated to be approximately 11 feet tall.
On July 26, 1980, Roy was arrested at the marijuana farm by Sheriff Norm Fletcher. Harper did not tell the law enforcement officers on this occasion that the defendant was involved in the conspiracy to manufacture marijuana.
On April 28, 1981, Harper made a statement to law enforcement officers indicating that the defendant was part of the conspiracy. This statement was made soon after Roy Harper had been arrested for being fugitive.
Defendant was indicted by a grand jury for malfeasance in office, a violation of LSA-R.S. 14:134, and for conspiracy to manufacture marijuana, violations of LSA-R.S. 40:966(A) and LSA-R.S. 40:979(A). After waiving his right to trial by jury, the defendant was found guilty as charged. On August 9, 1983, the defendant was sentenced, on the malfeasance in office conviction, to pay a fine of $500 plus court costs and serve six (6) months in the parish jail; the jail sentence was suspended and the defendant was placed on two (2) years supervised probation. On that same day, the defendant was sentenced on the conspiracy to manufacture marijuana conviction to pay a fine of $2,500 plus court costs and serve five (5) years at hard labor in the Department of Corrections; that sentence was suspended and the defendant was placed on supervised probation for five (5) years. This probation was subject to special conditions, which required, in part, that the defendant serve 180 days without hard labor in the Natchitoches Parish Jail at a rate of two (2) days per week. The sentences and probations were ordered to run concurrently. The defendant appeals, urging eight assignments of error.
Defendant urges the following assignments of error on appeal:
1. Trial court erred in not quashing the indictment charging the appellant with the offense of malfeasance in office.
2. Trial court erred in not quashing the indictment charging the appellant with conspiracy to manufacture marijuana.
3. Trial court erred in not suppressing evidence seized at the premises of Roy Harper on July 26, 1980.
4. Trial court erred in that the Honorable W. Peyton Cunningham and John B. Whitaker, Judges, in and for the Tenth Judicial District Court, Natchi-toches Parish, upon being recused, appointed the Honorable Ted R. Broyles, Judge Ad Hoc, without com *1020 plying with the provisions of LSA-C. Cr.P. Arts. 671 et seq.[1]
5. Trial court erred in finding that the State established each and every element of the offense of conspiracy to manufacture marijuana in contravention of LSA-R.S. 40:968 beyond a reasonable doubt.
6. Trial court erred in that the evidence of conspiracy to manufacture marijuana was insufficient to sustain a conviction in contravention of LSA-R.S. 40:968 and thereafter the trial court erred in its finding of guilt.
7. Trial court erred in finding that the State established each and every element of the offense of malfeasance in office in contravention of LSA-R.S. 14:134 beyond a reasonable doubt. .
'8. Trial court erred in that the evidence of malfeasance in office was insufficient to sustain a conviction in contravention of LSA-R.S. 14:134 and therefore the trial court erred in its finding of guilt.
ASSIGNMENTS #1 and 2: DEFECTIVE INDICTMENT
The defendant contends that the trial court erred in not quashing the indictment charging the appellant with the offense of malfeasance in office. The defendant also contends that the trial court erred in not quashing the indictment charging the appellant with conspiracy to manufacture marijuana.
The bill of indictment for the malfeasance charge stated, in pertinent part:
“In the name and by the authority of the State of Louisiana, the Grand Jury duly empaneled and sworn in and for the Parish of Natchitoches, District and State aforesaid upon their oath present that Dewitt Braxton late of the Parish of Natchitoches, on or about the _ day of February thru July in the year of Our Lord, One Thousand Nine Hundred and eighty at and in the Parish, District and State aforesaid did unlawfully commit the crime of malfeasance in office, in violation of LSA-R.S. 14:134 by conspiring to distribute marijuana and conspiring to manufacture marijuana contrary to the form of the Statute of the State of Louisiana, in such cases made and provided and against the peace and dignity of the same.”
It should be noted that the state subsequently dismissed the charge that the defendant did conspire with Roy Harper to distribute marijuana.
The defendant was also indicted with the offense of conspiracy to manufacture marijuana. The bill of indictment stated, in pertinent part:
“In the name and by the authority of the State of Louisiana, the Grand Jurors duly empaneled and sworn in and for the Parish of Natchitoches, District and State aforesaid upon their oath present that Dewitt Braxton late of the Parish of Natchitoches, on or about the _ day of February thru July in the year of our Lord, One Thousand Nine Hundred and eighty at and in the Parish, District and State aforesaid did unlawfully conspire to manufacture marijuana contrary to the form of the Statute of the State of Louisiana, in such cases made and provided and against the peace and dignity of the same.”
In the motion to quash the indictment charging the defendant with malfeasance in office, the defendant contends that the indictment failed to state an essential fact constituting the offense charged in that it did not charge the defendant with a specific overt act done in furtherance of the conspiracy, that the indictment failed to conform to LSA-C. Cr.P. art. 464, that the indictment fails to charge conduct denounced by statute cited by indictment, and that the indictment fails to charge an of *1021 fense which is punishable under a valid statute.
In the motion to quash the indictment charging the defendant with conspiracy to manufacture marijuana, the defendant contends that the State failed to charge the defendant with a specific overt act done in furtherance of any conspiracy, and that the bill of indictment failed to conform with LSA-C.Cr.P. art. 464.
LSA-C.Cr.P. art. 464 states:
“The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.”
The record is devoid of any ruling on these motions to quash. The record does mention that the hearing on the motions to quash was deferred until the defendant’s motion for bill of particulars was answered. We note that the record is also devoid of any answers to the motion for bill of particulars.
In this instance, the record does contain a transcript of a hearing on the defendant’s motion to suppress. The testimony adduced from the hearing, however, failed to reveal any specific overt acts done in furtherance of the conspiracy, an essential element of the offense of conspiracy to manufacture marijuana. LSA-R.S. 40:966(A) and LSA-R.S. 40:979(A). In the absence of the answers to the bill of particulars, it appears that pre-trial discovery failed adequately to supplement the bills of indictment, in terms of providing notice of an essential element of the charged offense.
The bills of indictment appear to be factually defective in that they fail to inform the defendant of an essential element of the crime of conspiracy to manufacture marijuana, i.e. specific overt acts done in furtherance of the offense.
However, it is well-settled that a defendant may not complain of the insufficiency of the indictment after conviction if the offense charged has actually been identified and no prejudice has resulted from a lack of notice. See State v. Gainey, 376 So.2d 1240, 1242-43 (La.1979); State v. Murray, 357 So.2d 1121, 1123 (La.1978).
In State v. Randolph, 334 So.2d 687 (La.1976), the court presented an analysis of the elements necessary to establish the sufficiency of an indictment, and stated:
“This Court previously held the indictment to strict requirements and judged it with a hypertechnical eye in order to safeguard the accused’s constitutional right to ‘be informed of the nature and cause of the accusation against him.’ Art. I, sec. 13, La. Const, of 1974; Art. 1, sec. 10, La. Const, of 1921. But as we said in State v. James, supra [305 So.2d 514 (La.1974)], the defendant’s right to learn before the trial of the particulars of the offense for which he is to be tried can be adequately protected by the bill of particulars and other discovery devices. The constitutional provision should not be restricted to meaning that the defendant must be informed by indictment of the nature and cause of the accusation against him. See Justice Tate’s concurring opinion in State v. Clark, 288 So.2d 612 (La.1974).”
334 So.2d at 689 (emphasis in original). See also State v. Pickier, 355 So.2d 1302 (La.1978).
Defendant has failed to show that he was actually prejudiced by a lack of notice. Accordingly, we find no merit in these assignments of error.
ASSIGNMENT # 3: MOTION TO SUPPRESS
The defendant contends that the trial court erred in not suppressing evidence seized at the premises of Roy Harper on July 26, 1980.
A hearing on a motion to suppress evidence was conducted on April 6, 1982. Tes *1022 timony adduced at the hearing revealed that Chief Bridges received an anonymous phone call in July, 1980, and the male caller stated that he had seen something unusual growing in the area near Cloud’s Crossing Road. Chief Bridges testified that the following day he went out to that area and from a public road looked at the area near Harper’s trailer through binoculars. The Chief testified that he observed a green weed, with distinctive leaves, growing behind the fence. It should be noted that the officer testified that he could see these plants with his naked eyes. Chief Bridges testified that he then returned to town and told Deputy Manning about his observations. Chief Bridges then testified that he returned to the same area near Cloud’s Crossing Road with Deputies Manning and Reeves. Deputy Manning testified that when he arrived at the scene on Cloud’s Crossing Road, he observed, with his naked eyes, green plants behind a fence and that these plants appeared to be marijuana. Deputy Manning then looked at this area with a pair of binoculars and this confirmed his belief that the plants were marijuana. Deputy Manning testified that he and Deputy Reeves then walked down a right of way, probably Valley Electric’s, and looked through binoculars again and observed what appeared to be marijuana growing near the trailer. The officers then returned to town and obtained a search warrant.
In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court stated:'
“The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a ‘substantial basis for ... concluding]’ that probable cause existed. Jones v. United States, supra, 362 U.S. [257] at 271, 80 S.Ct. [725] at 736 [4 L.Ed.2d 697 (1960) ].”
103 S.Ct. at 2332.
It should be noted that the record contains neither the affidavit in support of the search warrant nor the search warrant itself.
Viewing the totality of circumstances, upon which the search warrant was based, it appears that probable cause existed for the issuance of the search warrant. Chief Bridges testified that after receiving a phone call from a caller stating that something unusual was growing on Harper’s property, he observed the marijuana from a public roadway. Upon returning to the area accompanied by Deputies Manning and Reeves, the marijuana was observed from the public roadway and right of way by all the officers. Based upon these observations a search warrant was then procured to allow the search and seizure of contraband growing in the field.
The Louisiana Supreme Court, in State v. Parkerson, 415 So.2d 187 (La.1982), stated that an officer’s observation of marijuana from a point outside defendant’s property clearly gave the officer and his colleagues probable cause to believe that marijuana was growing on the property and thus enabled them to secure a valid search warrant before entering the property of that defendant. Id. at 189.
Based on law and facts in this instance, this assignment of error lacks merit.
ASSIGNMENT NOS. 5, 6, 7, AND 8: SUFFICIENCY OF EVIDENCE
These assignments of error all relate to the sufficiency of the evidence presented at trial.
Defendant contends that the trial court erred in finding that the state established each and every element of the offense of conspiracy to manufacture marijuana in contravention of LSA-R.S. 40:979(A) beyond a reasonable doubt.
The defendant also contends that the trial court erred in finding that the state established each and every element of the *1023 offense of malfeasance in office in contravention of LSA-R.S. 14:134 beyond a reasonable doubt.
“It is well-settled that the evidence is sufficient to support the conviction when any rational trier of fact, in viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact-finder to weigh the respective credi-bilities of the witnesses and [the appellate court] will not second-guess the credibility determinations of the trier of fact beyond our sufficiency evaluations under the Jackson standard of review.”
State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983).
At trial, evidence was introduced to establish that the defendant had been employed as a deputy with the Natchitoches Parish Sheriffs Office from August 1, 1973 through June 30, 1980.
Gary Harper testified that in January or February, 1980, the defendant approached him at a service station in Natchitoches Parish and stated that he wanted to contact Roy Harper, Gary Harper’s brother. Several days later, Gary Harper conveyed this message to his brother, Roy.
Roy Harper testified that he called the defendant regarding this message and that the defendant stated that he had to speak with him. The defendant met with Roy at the residence of Jenece Dupree, Roy’s sister, on Adelaide Street in Natchitoches, Louisiana. The entire conversation between the defendant and Roy Harper took place in the defendant’s patrol car. It should be noted that these two subjects were alone in the patrol car at that time.
While in the patrol car, the defendant told Roy that he knew a businessman who wanted to grow marijuana, and he promised Roy Harper that he would not get busted. Roy testified that the defendant stated that the businessman’s name was Terry Williams.
Roy Harper testified, that he told his wife, Marion Harper, about the conversation shortly after the defendant left. Marion Harper’s testimony corroborated that of Roy’s, in that she observed the defendant and Roy conversing in the defendant’s patrol car for approximately 30 minutes, and shortly after that, Roy told her about the conversation.
Roy Harper testified that he spoke with the defendant again, several days later at the Natchitoches Parish Sheriff’s Office, and that the defendant told him to be sure to contact Terry Williams. Roy Harper testified that he met with Terry Williams later that day and at that time, Mr. Williams told Roy that he wanted him to grow marijuana and that Harper would not be busted. Following this meeting, Roy Harper testified that he began to grow about an acre of marijuana, containing approximately 4,200 plants, at Cloud’s Crossing, near Campti, Louisiana.
Roy Harper testified that in mid-June, 1980, the defendant visited the farm where he was growing the marijuana and told him that the crop was looking good and that it should be cut. This statement was not corroborated by any other witnesses. Roy also testified that when the defendant visited the farm on that occasion, he was dressed in his deputy uniform.
Roy Harper testified that the defendant also visited the location with Terry Williams after Sheriff Norm Fletcher came into office. Mr. Harper testified that on this occasion, the defendant walked about the entire marijuana garden at which time the marijuana was approximately 11 to 12 feet tall.
This testimony was corroborated by Marion Harper, who stated that on or about July 1,1980, the defendant visited the marijuana garden with Terry Williams. Marion Harper also testified that the defendant was present when she delivered marijuana to Terry at the Williams’ residence in August, 1980.
*1024 The defendant testified that he never had a conversation with Roy Harper concerning Terry Williams. The defendant also testified that when he went to Roy Harper’s residence with Terry Williams in July, 1980, he did not speak with Roy Harper and that he never saw any illegal substances or contraband at that location. The defendant stated that he observed a wooden fence only. Deputy Manning testified that when the marijuana farm was raided on July 26, 1980, he observed marijuana growing over the fence.
Viewing the evidence in the light most favorable to the prosecution, it appears that a rational trier of fact could have found the essential elements of malfeasance in office, LSA-R.S. 14:134, and conspiracy to manufacture marijuana, LSA-R.S. 40:966(A) and LSA-R.S. 40:979(A). We should not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983).
Accordingly, assignments of error 5, 6, 7, and 8 are without merit.
For the above and foregoing reasons, defendant’s convictions and sentences are affirmed.
AFFIRMED.

. Assignments of error which are not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255, 1256 n. 1 (La.1982); State v. Crawford, 441 So.2d 813, 815 n. 1 (La.App. 3d Cir. 1983).