461 So.2d 1155 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Mark R. SMITH, Defendant-Appellant.
No. CR84-400.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
*1156 James S. Gravel, Gravel & Van Dyke, Alexandria, for defendant-appellant.
Edward E. Roberts, Jr., Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before FORET, CUTRER and CULPEPPER,[*] JJ.
CUTRER, Judge.
The defendant, Mark R. Smith, was charged by a bill of information with the crime of armed robbery, a violation of LSA-R.S. 14:64. After a jury trial, defendant was sentenced to serve twenty years at hard labor without benefit of probation, parole or suspension of sentence. Defendant appeals urging three assignments of error.

FACTS
On November 6, 1983, at approximately 3:30 P.M., the assistant manager of Bobby's Fried Chicken was robbed by a man with a gun. There were two eyewitnesses. In addition, the defense stipulated that defendant was the man with the gun. Defendant alleged that he had robbed the store during a "blackout," and had no memory of the actual robbery.
The assignments of error presented on appeal are as follow:
(1) The trial court erred in overruling defendant's application for appointment of a sanity commission;
(2) The trial court erred in not granting a new trial when the assistant district attorney, in closing argument, said "He's guilty," and
(3) The trial court erred in that the judgment of the jury should be set aside because, when all the evidence is viewed most favorable to the prosecution, reasonable men must find that the defendant was insane at the time of the perpetration of the crime.

ASSIGNMENT OF ERROR NUMBER 1
The defendant urges that the trial court erred in overruling defendant's application for appointment of a sanity commission. Defendant urges that, at the time of the trial, he lacked the mental capacity to proceed with the trial.
Mental incapacity to proceed is defined in LSA-C.Cr.P. art. 641 as:

*1157 "Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense."
The issue of present insanity or mental incapacity to proceed may be raised at any stage of the proceeding, even after conviction. State v. Henson, 351 So.2d 1169 (La.1977); LSA-C.Cr.P. art. 642. When the issue is raised, the trial court is required to order a mental examination of the defendant when it has reasonable grounds to doubt the defendant's mental capacity to proceed. State v. Henson, supra; State v. Wright, 446 So.2d 479 (La. App. 4th Cir.1984). Because of the presumption of sanity in our law, the accused bears the burden of establishing by a preponderance of the evidence reasonable grounds for the trial judge to believe that he is mentally defective, that he lacks the capacity to understand the proceeding against him or to assist in his defense. State v. Rogers, 419 So.2d 840 (La.1982); State v. Wilkerson, 403 So.2d 652 (La. 1981).
The appointment of a sanity commission is addressed to the sound discretion of the trial judge and, absent an abuse of discretion, his ruling will not be overturned on appeal. State v. Wright, supra; State v. Brogdon, 426 So.2d 158 (La.1983).
In his application for the appointment of a sanity commission, the defendant alleged mental incapacity on the basis of having been placed several times, as a juvenile, in the L.T.I. Division for individuals suffering from mental disorders and his two voluntary hospitalizations in Central Louisiana State Hospital for alcohol and substance abuse. However, a psychiatrist who had treated defendant at Central testified that, although defendant suffered from a personality disorder, this was not a mental disease or defect.
A review of the trial transcript indicates that defendant was capable of testifying without any problem and that he appeared to fully understand his rights and the nature of the proceedings. It would appear that the defense failed to introduce any evidence or to allege any facts which suggest that the accused was unable to understand the nature of the proceedings against him. Therefore, the presumption of sanity was unrebutted and there was no reasonable ground for the trial court to question defendant's capacity to stand trial. State v. Bickham, 404 So.2d 929 (La.1981). This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 2
Defendant contends that the trial court erred by failing to grant a new trial when the assistant district attorney, in closing argument, said, "You've heard the evidence. You've seen the defendant testify. He's guilty." Defendant urges that this remark was so prejudicial to defendant that the conviction should be reversed.
According to LSA-C.Cr.P. art. 774:
"The argument shall be confined to evidence admitted, to the lack of evidence, to conclusion of fact that the state or defendant may draw therefrom, and to the law applicable to the case."
It is generally error for a prosecutor to state an individual belief concerning the accused's guilt when that remark is made in such a way that the jury might conclude that the prosecutor's belief is based on evidence outside the record. However, the expressing of an opinion based on evidence within the record is permissible. State v. Motton, 395 So.2d 1337 (La.1981), U.S. cert. den., 454 U.S. 850, 102 S.Ct. 289, 90 L.Ed.2d 139 (1981).
In this case, the remark made by the assistant district attorney clearly refers only to the evidence in the record. "You've heard the evidence. You've seen the defendant testify. He's guilty." It would, therefore, seem unlikely for the jury to conclude from this statement that the prosecutor's belief in the defendant's guilt was based on evidence outside the record. This assignment of error lacks merit.

*1158 ASSIGNMENT OF ERROR NUMBER 3
The defendant urges that the judgment be set aside because any rational finder of fact, viewing the evidence in light most favorable to the prosecution, could not find beyond a reasonable doubt that the defendant failed to present a preponderance of proof in support of the insanity defense.
LSA-R.S. 14:14 provides:
"If the circumstances indicate that because of a mental disease or mental defect the offender was incapable of distinguishing between right and wrong with reference to the conduct in question, the offender shall be exempt from criminal responsibility."
There is a legal presumption that the defendant is sane and responsible for his actions. LSA-R.S. 15:432. LSA-C. Cr.P. art. 652 provides:
"The defendant has the burden of establishing the defense of insanity at the time of the offense by a preponderance of the evidence."
Therefore, for purposes of the insanity defense, the burden is on the defendant to prove by a preponderance of the evidence that he was insane at the time of the offense. He must show that he suffered from a mental disease or defect which rendered him incapable of distinguishing right from wrong with reference to the conduct in question. State v. Brogdon, supra.
On appeal, the relevant inquiry is whether any rational factfinder, viewing the evidence in the light most favorable to the prosecution, could find beyond a reasonable doubt that the defendant failed to prove his insanity by a preponderance of the evidence. State v. Noble, 425 So.2d 734 (La.1983).
Defendant alleged that he had "blacked out" during the commission of the robbery and had no memory of the actual incident. He said that he had been drinking heavily and taking Valium the night before the holdup. On the day of the holdup, defendant reported finding a pistol in a garbage can on the side of Mary's Bar, near Bobby's Fried Chicken. He apparently remembered walking down an alley and coming out by Bobby's Fried Chicken. The next thing defendant claimed to remember was being inside Bobby's, with the assistant manager giving him the money. He also remembered holding the gun at this time.
Defendant had spent several months in L.T.I, as a juvenile. He had twice voluntarily committed himself to Central Louisiana State Hospital on account of alcoholism and substance abuse. Dr. C. Charles Laurent, Jr., a psychiatrist at Central, testified that defendant had had an extremely traumatic childhood. According to Dr. Laurent, defendant had a history of blackouts. He said that it was impossible for him to say whether defendant blacked out during the robbery, not having examined him at the time, but that it was possible. The psychiatrist also stated that it was possible that, during a blackout, defendant would not know the difference between right and wrong. Dr. Laurent testified that defendant was diagnosed as having a personality disorder. According to the doctor, a personality disorder is not considered a mental disease or defect and would not, in itself, prevent a person from distinguishing right from wrong.
Viewing this evidence in the light most favorable to the prosecution, it would appear that any rational finder of fact could find beyond a reasonable doubt that the defendant failed to prove his insanity defense by a preponderance of the evidence. This assignment of error lacks merit.
For these reasons, the conviction and sentence of defendant are affirmed.
AFFIRMED.
NOTES
[*] William A. Culpepper, Judge ad hoc.