KING, Judge.
This appeal presents the issues of the correctness of the defendant’s convictions and whether or not his sentences are excessive.
From his convictions of armed robbery, attempted aggravated rape, and attempted first degree murder, the defendant, Wilbert Harris (hereinafter defendant), perfects this appeal, alleging three assignments of error.
Defendant was charged by a bill of information with the crimes of armed robbery, in violation of LSA-R.S. 14:64, attempted aggravated rape, in violation of LSA-R.S. 14:42 and 14:27, and attempted first degree murder, in violation of LSA-R.S. 14:30 and 14:27. After a trial by jury, the defendant was found guilty as charged. Thereafter, the trial court sentenced defendant to thirty years at hard labor for each of these crimes, without benefit of parole, probation or suspension of sentence, with each thirty-year sentence to run concurrent with the others. Defendant timely appealed his convictions and sentences designating the following assignments of error, to-wit:
*234 (1) The Bill of Information under Count # 1 charging the defendant with Armed Robbery was substantially defective;
(2) The trial court erred in denying defendant’s motion to have a second sanity commission appointed to determine if he was mentally competent to stand trial and to assist in his defense; and
(3) The trial court erred in imposing an excessive sentence.
For the reasons hereinafter set forth we affirm the defendant’s convictions and sentences.
FACTS
On the morning of November 29, 1983 defendant entered an Abbeville business known as Sports, Etc., and asked to see some Jimmy Conner type tennis shoes. He looked at the shoes, and then left the store. Later in the morning, defendant returned to the store and told one of the two clerks present at the store that he wanted to purchase the tennis shoes. When told the price of the shoes, defendant pulled out a gun from his clothing and stated that he was taking the shoes for free. He then ordered both of the female clerks to the back of the store and forced them at gunpoint to take off their clothes. The defendant had one of the clerks open the cash register, from which the defendant admittedly took some money. He then took the same clerk to a storeroom where he attempted to rape her while holding the gun to her head. The attempted rape was interrupted when the other clerk entered the storeroom and fled. Defendant fired a shot from his gun at the departing clerk, missing his target, and began running after the clerk. The clerk hit the defendant with a baseball bat and the defendant, upon exiting the store, was seen by police officers who were driving by. The officers quickly apprehended the defendant. At trial, defendant testified and admitted taking money from the cash register while being armed with a gun but claimed that he could not remember his attempt to rape one of the clerks, or his shooting at the other one.
ASSIGNMENT OF ERROR NUMBER 1
The defendant urges on appeal that the Bill of Information, as to the armed robbery charge, was fatally defective in that it failed to name a “person” who was robbed by the defendant.[1] The Bill of Information states in relevant part that Wilbert Harris, while armed with a dangerous weapon, robbed Sports, Etc. of $45.00 in violation of LSA-R.S. 14:64.
In State v. James, 305 So.2d 514 (La.1974),[2] the Louisiana Supreme Court held that an indictment with the identical defect as the one in the instant case was not fatally defective, and stated:
“We now conclude that, for reasons to be elaborated, where in fact an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned after conviction where, as here, no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution.” State v. James, 305 So.2d 514 at pages 516-517 (La.1974).[3]
Additionally, in the recent case of State v. Braxton, 458 So.2d 1017 (La.App. 3rd Cir. 1984), a case which involved the validity of an indictment that failed to specify an es *235 sential element of the crime charged, this Court stated:
“[i]t is well-settled that a defendant may not complain of the insufficiency of the indictment after conviction if the offense charged has actually been identified and no prejudice has resulted from a lack of notice. See State v. Gainey, 376 So.2d 1240, 1242-43 (La.1979); State v. Murray, 357 So.2d 1121, 1123 (La.1978).” State v. Braxton, 458 So.2d 1017, at page 1021 (La.App. 3rd Cir.1984).
Defendant has failed to show that he was actually prejudiced by any lack of notice as to the person robbed. We therefore find no merit in this assignment of error.
ASSIGNMENT OF ERROR NUMBER 2
With this assignment of error, defendant alleges that the trial court erred in refusing to appoint a second sanity commission pursuant to his motion made on September 17, 1984, the morning of trial. A sanity commission, consisting of two physicians, was appointed on December 29, 1983 and the sanity commission’s medical reports were filed on January 30, 1984. A sanity hearing was held on May 22, 1984, approximately four months prior to trial. Both physicians found that defendant was able to stand trial and assist in his defense. According to defendant, the physicians’ findings were made too far in advance of defendant’s trial to determine whether he was sane at the time of his trial.
“Mental incapacity to proceed” is defined in LSA-C.Cr.P. Art. 641 as follows:
“Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity'to understand the proceedings against him or to assist in his defense.”
Additionally, LSA-C.Cr.P. Art. 642 states:
“The defendant’s mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. When the question of the defendant’s mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed.”
When the issue of present sanity or mental incapacity to proceed is raised, the trial court is required to order a mental examination of the defendant when it has reasonable grounds to doubt the defendant’s mental capacity to proceed. State v. Smith, 461 So.2d 1155, 1157 (La.App. 3rd Cir.1984); State v. Henson, 351 So.2d 1169, 1173 (La. 1977). Because of the presumption of sanity in our law, the accused bears the burden of establishing by a preponderance of the evidence reasonable grounds for the trial judge to believe that he is mentally defective or that he lacks the capacity to understand the proceeding against him or to assist in his defense. State v. Smith, supra; State v. Rogers, 419 So.2d 840, 843 (La.1982).
In the instant case, the defendant introduced no evidence and alleged no facts which suggest that the defendant was unable to understand the nature of the proceedings against him. Additionally, a review of the trial transcript indicates that defendant was capable of testifying and did testify at trial without any problem and that he appeared to fully understand his rights and the nature of the proceedings. Therefore, the presumption of sanity stood unrebutted and there was no reasonable ground for the trial court on the morning of the trial to question defendant’s capacity to stand trial. State v. Bickham, 404 So.2d 929 (La.1981); State v. Smith, supra. For these reasons this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER 3
Defendant contends that the trial court erred in imposing an excessive sentence. Defendant was sentenced to thirty years at hard labor, without benefit of parole, probation or suspension, for his conviction of armed robbery. Defendant additionally was sentenced to thirty years for each of his other two convictions of attempted first degree murder and attempted aggravated rape, with all three sentences to be served *236 concurrently. The combined maximum sentence that could have been imposed on defendant for his three convictions is 199 years. LSA-R.S. 14:64(B), 14:42(e), 14:30, and 14:27(D)(1).
This court has repeatedly summarized the proper appellate standard for determining whether a sentence imposed is excessive as follows:
“[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider ‘the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.’ Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of the sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).” State v. Morgan, 428 So.2d 1215, at page 1216 (La.App. 3rd Cir.1983), writ denied 433 So.2d 166 (La.1983).
See also State v. Cox, 474 So.2d 1040 (La. App. 3rd Cir.1985).
Applying these principles to the facts of this case, we do not find the penalty of the sentences imposed so grossly disproportionate to the severity of the offenses that it shocks our sense of justice. In fact, as the trial judge noted at the sentencing hearing, one of the clerks would be dead had the defendant been a better shot, and the other clerk would have been raped had the defendánt not been interrupted in his quest. Therefore, we do not find that the sentences imposed on defendant are excessive. For this reason this assignment of error lacks merit.
For the reasons assigned, defendant’s convictions and sentences are affirmed.
AFFIRMED.

.LSA-R.S. 14:64(A) reads:
"A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.”

. State v. James, supra, specifically overruled State v. Smith, 275 So.2d 733 (La. 1973), a case heavily relied upon by the defendant in his appellate brief.

. The James court used the term "indictment" in the generic sense since the case involved the validity of a Bill of Information.