568 So.2d 1162 (1990)
STATE of Louisiana
v.
Eric Paul WEIDERT.
No. 90-KA-226.
Court of Appeal of Louisiana, Fifth Circuit.
October 11, 1990.
Writ Denied January 18, 1991.
*1164 Richard S. Thomas, Lane, Fertitta, Lane & Tullos, Baton Rouge, for defendant/appellant.
John M. Crum, Jr., Dist. Atty., Rodney A. Brignac, Asst. Dist. Atty., Edgard, for State.
Before BOWES, DUFRESNE and WICKER, JJ.
WICKER, Judge.
This appeal arises from a jury trial resulting in a conviction in violation of La. R.S. 14:42.1, forcible rape. Defendant, Eric Weidert, was sentenced to imprisonment at hard labor for 30 years. Weidert now appeals that conviction and sentence. We affirm and remand with an order to correct the commitment.
The testimony at trial established the victim and the defendant agree that an incident occurred at the trailer park residence of the female victim during the early morning hours of November 11, 1988. However, the parties sharply disagree in their versions of what actually took place.
The victim testified as follows: A crashing noise in the living room of her trailer suddenly awoke her on the morning of the incident. At the time the victim was sleeping with her two-year-old daughter in the rear bedroom of the trailer. The noise frightened them. They sat up in their bed, fearful of what was occurring. When the victim realized an intruder was entering her residence, she shouted for help through the bedroom window and attempted to close the bedroom door. However, the male intruder barged through the door, grabbed the victim and forcefully pushed her against a piece of furniture in the bedroom. After physically restraining the victim and placing his hand over her mouth, the man ordered her to quiet her terrified daughter. The forced acts of oral sex and intercourse were performed on the floor of the bedroom. However, her daughter remained in the room and was able to see the incidents with the aid of "two big mirrors" on the closet doors. The victim remarked that her daughter's presence did not "seem to bother" the defendant.
Afterward, the intruder went into the trailer's living room for a short time and then returned to the bedroom, where the victim was caring for her terrified daughter. The man told her that he had a drug problem and did not mean to harm her. He then left the trailer, after appealing to her not to turn him over to the authorities. He even identified himself to her. Fearful that he might return, the victim hesitated for a few moments and then reported the incident to the sheriff's office. Deputies were immediately dispatched to investigate the matter.
After interviewing her, the deputies proceeded to the defendant's residence down the street in the trailer park. The defendant was standing outside the trailer where he lived. Upon seeing the approaching deputies, the defendant fled on foot into a nearby cane field. Weidert was arrested and charged with forcible rape.
Detective David Lozano testified he was the investigating officer. He stated it appeared an individual had entered the victim's trailer through a "large plate glass window ... in the living room." The window "was busted out from the outside because the glass was all on the inside of the *1165 living room floor." He further stated "[i]t appeared someone had came [sic] in through the window and crossed over the television because the drapes were, were over, more or less over the television. There was also one drape that was on the floor, actually on the floor itself ... the curtains ... were ... pulled over the television as though someone came through this window to get in the trailer."
At trial, the defendant took the witness stand and denied that he raped the victim. He testified that she stopped him as he was driving home in the early morning hours of November 11, 1988 and asked him to sell her some cocaine. He told her he did not have enough cocaine to sell her; but, he offered to share with her the cocaine that he had just purchased for his own use. She accepted his offer and invited the defendant over to her trailer, where the two consumed all of the defendant's cocaine. The defendant claimed that he and the victim then had sexual intercourse which he characterized as being a purely voluntary act by each party. After engaging in this consensual sex, the defendant became extremely angry, according to his testimony, because the victim refused to give him money to purchase another supply of cocaine. The two had a heated confrontation, and the defendant stormed out of her trailer to return home. The defendant testified that, as he was walking from her trailer, he picked up a brick and threw it at the trailer's living room window in a fit of rage.
On appeal from his conviction and sentence Weidert now assigns the following errors:
1. The trial judge committed reversible error by making statements that were prejudicial towards the defendant in the presence of the jury;
2. The district attorney stated his personal opinion as to the guilt and and credibility of the defendant during the state's closing argument, and
3. The sentence of thirty years is excessive and does not meet the parameters set out in State v. Lathers, 444 So.2d 96 (La.1983).
TRIAL JUDGE'S STATEMENTS:
The defendant characterizes as prejudicial the emphasized portion of the following comments made by the trial judge during the voir dire phase of jury selection:
I usually don't go into this till the end of the case but one of the lawyers made reference to their duty and your duty and so forth, and I think it's appropriate for me to inject at this point that this jury, if you're chosen, has a responsibility of taking under advisement the guilt or innocence of the defendant. And you have absolutely no responsibility for sending him to the penitentiary or to give him a suspended sentence. That's something the Court does and you have no control over. The sentence that the defendant will pay for his crime is the duty of only the Court. And you play no role into that. [Emphasis added].
Defendant argues these comments are prejudicial in light of La.C.Cr.P. art. 772 which provides:
The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.
La.C.Cr.P. art. 772 imposes a duty on the trial judge to refrain from commenting on the facts or evidence in the presence of the jury. However, the remark attacked by the defendant was not a proscribed comment by the trial judge on the facts or evidence in the case because no evidence had yet been presented in the proceeding. See State v. Jackson, 308 So.2d 265, 267 (La.1975). The trial judge's statement occurred during voir dire, and a comment by the court during voir dire is not a comment on the facts or evidence within the purview of La.C.Cr.P. art. 772. State v. Gallow, 338 So.2d 920, 922 (La.1976).
Even construing the challenged statement as an impermissible factual comment or expression of opinion by the trial judge, this assignment of error lacks merit. The defendant's position rests heavily on *1166 considering the disputed statement standing alone. However, if the statement is evaluated in context with the remainder of the judge's remarks, rather than in the vacuum urged by the defendant, then the trial judge's comment appears to constitute nothing more than a general statement to the jury that sentencing the defendant in a criminal matter is within the province of the trial court, not the jury. Considered in context, the challenged comment did not directly or indirectly refer to the defendant. These remarks do not amount to an expression of opinion by the trial judge regarding the defendant's guilt and therefore do not constitute reversible error. State v. Cobb, 334 So.2d 200 (La.1976). Moreover, the trial judge's comprehensive instructions to the jury at the close of the evidence completely negated even the potential that prejudicial effects on the jury would flow from the disputed comment.
Alternatively, it is noted that the defendant did not object to the court's comments at the time they were made. A defendant who fails to voice an objection to the trial court's comments when made waives the right to raise the issue on appeal. La.C.Cr.P. art. 841, State v. Ellwest Stereo Theatres, Inc., 412 So.2d 594 (La. 1982), State v. Gabriel, 542 So.2d 528 (La. App. 5th Cir.1989). The defendant clearly waived his right to appellate review of the trial court's challenged comment.
This assignment lacks merit.
PROSECUTOR'S STATEMENT:
The defendant next argues that he was deprived of a fair trial because of a statement made by the prosecutor in the jury's presence. During his rebuttal argument, the prosecutor stated: "But I will point out to you that I believe based on concrete facts that Mr. Eric Weidert's testimony is demonstratively false." The defendant urges this statement was a prohibited expression of the prosecutor's personal opinion, thereby constituting reversible error in the case.
At trial, the defendant failed to make a contemporaneous objection to the prosecutor's comment and thus did not preserve the issue for appellate review. La.C. Cr.P. art. 841, State v. Carthan, 377 So.2d 308 (La.1979), State v. Green, 469 So.2d 1161 (La.App. 5th Cir.1985). Nevertheless, even if this assignment of error were properly before the court on appeal, it would not to be grounds for reversal.
A prosecutor's statement of personal opinion regarding the defendant's guilt or credibility is generally considered error when the statement is made in such a manner that the jury might conclude that the prosecutor's opinion is based on evidence outside the record. However, an expression of the prosecutor's opinion based on evidence within the record is permissible. State v. Motton, 395 So.2d 1337 (La.1981), cert. den. 454 U.S. 850, 102 S.Ct. 289, 70 L.Ed.2d 139 (1981); State v. Smith, 461 So.2d 1155 (La.App. 3rd Cir.1984).
The error asserted by the defendant is premised on an evaluation of the challenged statement standing by itself. When considered in context with the entire rebuttal argument of which it formed a part, the comment attacked by the defendant is a permissible expression of opinion by the prosecutor regarding the evidence in the record. After making the remark at issue, the prosecutor specifically referred to trial testimony and evidence which supported the statement. There was not even an inference that the prosecutor relied on information or material not contained in the record as support for the comment. Considering the rebuttal argument in its totality, the prosecutor's comment is not subject to objection as an impermissible expression of opinion. State v. Motton, supra; State v. Smith, supra.
Even if the disputed statement had been an impermissible comment by the prosecutor, a reversal of the defendant's conviction in this case still would not be warranted. Before reversing on the basis of an improper remark during rebuttal argument, the reviewing court must be thoroughly convinced that the remark influenced the jury and contributed to its verdict. State v. Eaton, 524 So.2d 1194, 1208 (La.1988); State v. Jarman, 445 So.2d 1184, 1188 (La.1984). In applying this standard *1167 of review, the appellate court should afford credit to the good sense and fair-mindedness of the jurors who heard the evidence presented at trial. Id. The evidence supporting the defendant's conviction is substantial. The victim's version of the events surrounding this incident is more than sufficiently corroborated by testimony adduced at trial. Considering the evidence contained in this record, there is no indication that the challenged remark influenced the jury and contributed to its verdict. Therefore, valid grounds to reverse the defendant's conviction do not exist. State v. Theard, 527 So.2d 393 (La. App. 4th Cir.1988), writ denied 533 So.2d 372 (La.1988).
This assignment of error lacks merit.
SENTENCE:
The trial judge sentenced the defendant to imprisonment at hard labor for thirty years. On appeal, the defendant asserts that this sentence is unconstitutionally excessive.
The Louisiana Constitution prohibits the imposition of excessive punishment for a criminal offense. La. Const., Art. 1, Sec. 20. Even a sentence within the prescribed statutory limits may be unconstitutionally excessive if the sentence is grossly disproportionate to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Cockerham, 496 So.2d 1194 (La. App. 5th Cir.1986).
In State v. Lynch, 512 So.2d 1214, 1216-1217 (La.App. 5th Cir.1987), the Fifth Circuit announced the review standard for excessive sentence claims:
In reviewing a sentence for excessiveness this court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentence. A sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion.
[citations omitted].
La.C.Cr.P. art. 894.1 sets forth guidelines to be considered by the trial court in formulating a defendant's specific sentence. While it is not necessary for the trial court to recite the entire list of sentencing guidelines set forth by La.C.Cr.P. art. 894.1, the record should reflect that the sentencing judge adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984), State v. Avila, 550 So.2d 1374 (La.App. 5th Cir.1989). We conclude there is adequate compliance with La.C.Cr.P. art. 894.1.
The sentence for the crime of forcible rape is imprisonment at hard labor for not less than five nor more than forty years, at least two years of which must be served without benefit of probation, parole, or suspension of sentence. La.R.S. 14:42.1 B. The sentencing transcript and the sentencing judgment filed by the court reflect that the trial judge formulated the defendant's specific sentence after duly considering the nature of this offense, the facts surrounding the commission of the crime, and the defendant's previous criminal activities. The trial judge further considered the defendant's personal background as portrayed in letters of reference submitted to the court on the defendant's behalf. Finally, the record reflects that the trial judge requested, received and reviewed a pre-sentence investigation on the defendant.
Even assuming there had been inadequate compliance with La.C.Cr.P. art. 894.1, the record itself reflects an adequate factual basis for the sentence imposed by the trial court.
The facts of this case quite amply support the sentence imposed by the trial judge. The defendant broke a window and entered the victim's residence during the early morning hours of November 11, 1988. He forced his way into the victim's bedroom where she had been sleeping with her two-year-old daughter. The defendant threatened, physically abused, and raped her. The victim testified she feared for her *1168 own life and that of her daughter during the entire ordeal.
The defendant committed the offense fully aware that the victim's young child was witnessing this brutal attack of her mother. Moreover, by the defendant's own admission, the incident occurred while the defendant was free on parole in connection with two previous felony convictions. The defendant stated that in 1982 when he was 17, he pled guilty to simple burglary and simple arson. Although the record also reflects that the defendant obtained steady employment after being released on parole and that the defendant comes from a caring and law-abiding family, these mitigating factors were apparently taken into account by the trial judge and weighed in relation to the aggravating factors of the case. The sentence imposed on the defendant is factually supported by the record in this case, and a remand for further compliance with La.C.Cr.P. art. 894.1 is unnecessary. State v. Lynch, supra.
This assignment of error lacks merit.
ERRORS PATENT:
Finally, we have examined the record for errors patent and note a discrepancy in the record regarding credit for the time defendant served prior to his sentencing. La.C. Cr.P. art. 880 requires the sentencing court to give the defendant credit for time spent in actual custody prior to the imposition of sentence. The sentencing transcript does not contain a transcribed statement of the actual sentence imposed on the defendant. That portion of the transcript states, "at this time the sentencing is dictated in open court."
The trial judge prepared and filed into the record a written sentencing judgment which fails to afford the defendant a credit for time served. The minute entry for the sentencing specifies that the defendant was allowed credit for time served. Since there is a discrepancy between the sentencing transcript and the minute entry for the sentencing, the transcript prevails over the minute entry. State v. Lynch, 441 So.2d 732 (La.1983).
Since the written sentencing judgment does not give credit for time served we conclude that in light of State v. Richard, 525 So.2d 1097 (La.App. 5th Cir.1988), writ denied 538 So.2d 609 (La.1989), the case should be remanded with an order that the commitment be corrected so as to reflect credit for time served.
Accordingly, for the reasons stated the defendant's conviction and sentence are affirmed and the case is remanded to the district court. On remand the district court is ordered to correct the commitment to reflect that defendant is to be given credit for time served to the date of imposition of sentence.
AFFIRMED AND REMANDED WITH ORDER.