DUFRESNE, Judge.
The defendant, Jay P. Jackson, was charged by three separate bills of information with simple burglary of an inhabited dwelling and two burglaries of business establishments. Pursuant to plea negotiations he tendered guilty pleas to the three offenses. The trial judge “Boykinized” the defendant and he responded he was aware of the consequence of pleading guilty and expressed his willingness to waive his rights and entered the guilty pleas. He admitted his guilt and described the events which formed the basis for the charge against him. The defendant was sentenced to serve five years imprisonment for each offense with the sentences to be served consecutively. In addition, in conformity with LSA R.S. 14:62.2, the first year of the sentence imposed for the simple burglary of an inhabited dwelling was to be served without benefit of parole, probation or suspension of sentence.
From the conviction and sentence the defendant has appealed, urging one assignment of error, that the record be checked for error patent.
Additionally, the defendant in a pro-se supplemental brief (which we have filed as an amicus curiae brief) has alleged that his plea of guilty should be set aside because the trial judge participated in the plea bargain negotiations.
In State v. Robbins, 471 So.2d 912 (La.App. 2nd Cir.1985) the court said that a trial judge who is not involved in the plea negotiations is not obligated to restrict his sentencing authority. Thus, a trial court judge who is involved in the negotiations should restrict his sentencing to the terms of the negotiations.
The defendant here pled guilty to three offenses of burglary. Pursuant to the plea bargain, the prosecutor dismissed a separate bill of information and agreed not to prosecute several cases which were pending against the defendant. Also pursuant to the bargain, the trial court agreed to sentence the defendant to not more than twenty years at hard labor, the exact sentence to be determined after the court was in receipt of a presentence investigation. The actual sentence imposed was three terms of five years at hard labor, consecu *88 tive, for a total of fifteen years. The defendant’s sentence was five years less than the sentence he was exposed to as a result of the plea bargain. Thus, the trial court has restricted its authority in imposing sentence.
This assignment is without merit.
We have reviewed the entire record for errors patent. Having found no such errors), the conviction and sentence of the defendant are affirmed.
AFFIRMED.