512 So.2d 1214 (1987)
STATE of Louisiana
v.
Abner R. LYNCH.
No. 87-KA-198.
Court of Appeal of Louisiana, Fifth Circuit.
August 26, 1987.
*1215 John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, John Lee, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Martha E. Sassone, Indigent Defender Bd., Gretna, for defendant-appellant.
CHEHARDY, C.J., and KLIEBERT and GRISBAUM, JJ.
KLIEBERT, Judge.
Defendant Abner Lynch and a co-defendant were charged by bill of information with four counts of armed robbery in violation of LSA-R.S. 14:64. On defendant's motion trial against his co-defendant was severed, as was trial on the individual counts. Defendant was tried on the initial count before a twelve person jury, found guilty as charged, and sentenced to ninety-nine years at hard labor without benefit of parole, probation or suspension of sentence. Defendant appealed and assigned the following alleged errors:
(1) The State used peremptory challenges to remove jurors from the petite jury solely on account of their race, in violation of the equal protection clause of the 14th Amendment;
(2) The evidence against defendant was not sufficient to justify the verdict;
(3) The trial judge imposed an excessive sentence and failed to follow the guidelines of C.Cr.P. art. 894.1;
(4) Any and all errors patent on the face of the record.
Finding no merit in the assigned errors, we affirm the defendant's conviction and sentence.
On the evening of March 3,1986, employees of DiMartino's Delicatessen on Carol Sue Avenue in Gretna were robbed by two men, one of whom was armed with a shotgun. Investigating officers obtained a description of one of the perpetrators from the manager, Brian Markwica. During the course of the investigation, Abner Lynch became a suspect. On March 20, 1986 Detective Michael Travis of the Jefferson Parish Sheriff's office assembled two photographic lineups containing five photographs each and presented them to the witnesses. Markwica and another employee positively identified Lynch as the unarmed perpetrator.[1]
ASSIGNMENT OF ERROR NUMBER 1
During jury selection defense counsel objected to the State's use of peremptory challenges to strike three black persons from the venire and moved for a mistrial. Defendant's motion was denied. Appellant counsel contends the failure of the trial court to excuse the jury and empanel a new one represents a denial of equal protection of the law.
In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) the United States Supreme Court reaffirmed the principal that a State denies a defendant equal protection when it puts him on trial before a jury from which members of his race have been purposefully excluded either by the use of racial discrimination in the procedures used to select the venire from which individual jurors are drawn or by the use of peremptory challenges to strike potential jurors solely on account of their race or on the assumption that the jurors as a group will be unable impartially to consider the State's case against a defendant *1216 of the same race. The court held that in order to establish a prima facie case of purposeful discrimination solely on evidence concerning the prosecutor's exercise of peremptory challenges at a defendant's trial the defendant "... must first show that he is a member of a cognizable racial group ... and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race." 106 S.Ct. at 1723.
The record in the present case reveals the defendant is of Caucasian descent. There were eleven Caucasians and one Black on the jury which convicted him. Therefore, appellant counsel's equal protection challenge fails on its face.
ASSIGNMENT OF ERROR NUMBER 2
Counsel does not point out any specific deficiency but rather requests that the court make a general examination of the evidence. In assessing the sufficiency of evidence supporting a conviction the reviewing court must determine whether the evidence, both direct and circumstantial, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that the essential elements of the offense had been proven beyond a reasonable doubt. State v. Camp, 446 So.2d 1207 (La.1984); State v. Captville, 448 So.2d 676 (La.1984).
The offense charged being armed robbery, the evidence must establish that the defendant took something of value belonging to another from the person of the other or his immediate control, by use of force or intimidation, while armed with a dangerous weapon. LSA-R.S. 14:64; State v. Gordon, 504 So.2d 1135 (5th Cir.1987); State v. Franklin, 501 So.2d 881 (5th Cir. 1987). Persons who aid or abet in the commission of a crime are guilty as principals although they do not directly commit the act constituting the offense. LSA-R.S. 14:24; State v. Gordon, supra. In order to be convicted as a principal the State must prove more than mere presence at the crime scene; the State must prove the defendant had the requisite mental state to commit the crime. State v. Holmes, 388 So.2d 722 (La.1980).
The manager of DiMartino's, Brian Markwica, testified that on the evening in question he walked out of the cooler and noticed the defendant standing behind the service counter. When Markwica inquired as to what he was doing there, the defendant did not answer, but instead motioned for him to move to the kitchen area. Markwica then noticed that the other employees were huddled in the kitchen area and realized that a robbery was in progress. The defendant walked to the front of the store where the cash register was located, returned with his partner, who was carrying a shotgun, and walked past Markwica and out the back door. When Markwica checked the cash register after the perpetrators left, the money was gone. Markwica was positive that the defendant was the person he confronted when he walked out of the cooler.
Markwica's testimony, considered in the light most favorable to the prosecution, established beyond a reasonable doubt that he was a victim of an armed robbery and that the defendant was a principal thereto.
ASSIGNMENT OF ERROR NUMBER 3
Article I, Section 20 of the Louisiana Constitution of 1974 provides in part: "No law shall subject any person ... to cruel, excessive or unusual punishment..." The imposition of a sentence within the prescribed statutory limits may nonetheless violate the defendant's constitutional right against excessive punishment if the sentence is grossly disproportionate to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Cockerham, 496 So.2d 1194 (5th Cir.1986).
In reviewing a sentence for excessiveness this court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentence. State v. Davis, 449 So.2d 452 (La.1984); State v. Cockerham, supra. A sentence within *1217 statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. Davis, supra.
The supreme court discussed the function of La.C.Cr.P. art. 894.1 as regards appellate review of sentences in State v. Robicheaux, 412 So.2d 1313, 1319 (La. 1982):
"Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or grant probation, the judge must consider certain factors enumerated in La.C.Cr.P. art. 894.1(A)(B). State v. Jones [398 So.2d 1049 (La.1981)], supra. This article entitles the defendant to such an articulation and represents a legislative attempt to guide the trial judge in thoughtfully imposing an appropriate sentence under the facts and circumstances of the particular case. Also this serves as an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Ramos, 390 So.2d 1262 (La. 1980). When the trial judge fails to state any reasons for the sentence a remand may be necessary. State v. Ortego, 382 So.2d 921 (La.1980)."
Thus, it is apparent that the goal of the legislature in providing a range of punishment under LSA-R.S. 14:64 and statutory guidelines for the determination and imposition of sentences under La.C.Cr.P. art. 894.1 is to allow the trial judge to "tailor the individual sentence imposed on a particular defendant to the particular circumstances of the case ...", resulting in the reservation of maximum sentences for the most egregious and blameworthy offenders within a class. State v. Telsee, 425 So.2d 1251, 1253 (La.1983).
The defendant was sentenced to the maximum term for armed robbery. When imposing the sentence the trial judge stated: "... I have reviewed the P.S.I.[2] conducted in this matter and submitted to me and find that you are a classic habitual criminal who poses a threat to the well-being and safety of this community. You have six convictions before the present onesome for armed robbery. You have problems with drugs. Somebody is going to get killed as a result of your activities and if it is up to me, you are not going to be able to kill anybody you are going to be in jail.
I order the P.S.I. attached for appellate purposes sealed in the record. You are formally sentenced to ninety-nine years at hard labor to be served without benefit of parole, probation or suspension of sentence." (Footnote added)
The trial judge at best minimally complied with C.Cr.P. art. 894.1. However, even in the absence of adequate compliance it is not necessary for this court to remand the matter for resentencing when the sentence imposed is not apparently severe in relation to the particular offender or the actual offense committed. State v. Davis, 448 So.2d 645 (La.1984). So long as the record clearly reflects an adequate factual basis for the sentence imposed, remand is unnecessary. State v. Barnes, 489 So.2d 402 (La.App. 5th Cir.1986) writ denied 494 So.2d 1174.
The pre-sentence investigation report reveals that the defendant is a sixth felony offender. He has past convictions for armed robbery (2), burglary (2), and extortion (1). At the time of trial three additional armed robbery charges were pending against the defendant.[3] The defendant, who is fifty-four years old, has been incarcerated for most of his adult life, to no avail. His consistent pattern of dangerous criminal activity evinces a total disregard for the rights and safety of the members of society. We find that the record clearly supports the sentence imposed.
ASSIGNMENT OF ERROR NUMBER 4
We have searched the record for errors patent on its face and found none.
*1218 For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED
NOTES
[1] Defendant's motion to suppress the photographic identification was denied by the trial court.
[2] Pre-sentence investigation report.
[3] Prior criminal activity is one of the factors to be considered in sentencing a defendant, and is not limited to convictions. State v. Washington, 414 So.2d 313 (La.1982).