527 So.2d 451 (1988)
STATE of Louisiana
v.
Joseph S. ANCONA, Jr.
No. 88-KA-89.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1988.
John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Asst. Dist. Atty., Office of the Dist. Atty., Gretna, for plaintiff-appellee.
Archie B. Creech, New Orleans, for defendant-appellant.
*452 Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
DUFRESNE, Judge.
Defendant, Joseph S. Ancona, Jr. was charged by bill of information with violation of LSA-R.S. 14:34.1 by intentionally inflicting serious bodily injury upon Marti Nance, to wit: broken bones, unconsciousness and extreme physical pain. On May 29, 1987, at arraignment, defendant entered a plea of not guilty. He later withdrew his former plea of not guilty and tendered a plea of guilty to an amended bill of LSA-R.S. 14:35, simple battery. On November 19, 1987, defendant was sentenced to six months in the Jefferson Parish Correctional Center.
He has now appealed and assigns two district court errors:
1. The trial court erred in failing to comply with the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1.
2. The trial court erred in imposing an excessive sentence.
We considered the two assignments of error and we find them to be without merit. Accordingly, Ancona's conviction and sentence are affirmed.
The maximum penalty for a violation of LSA-R.S. 14:35 is $500.00 fine and/or six months in parish prison.
The trial judge is given wide discretion in imposing sentences within the statutory range. These sentences shall not be set aside as excessive, absent a manifest abuse of that discretion. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hupp, 514 So.2d 271 (La.App. 5th Cir.1987).
In sentencing defendant, the trial judge commented on the seriousness of the offense. The trial judge did not articulate the sentencing guidelines of C.Cr.P. art. 894.1, although he claims to have considered them.
This lady was punched in the face, is that correct? Some serious problems developed, a broken nose or whatever, a cheek bone or whatever it was, it was a pretty good size punch. That kind of violence I don't think ought to be tolerated under any set of circumstances.
Therefore it is the judgment of this Court that you're sentenced to serve 6 months in the Parish Prison.
I have considered Article 894.1 and under the circumstances, the defendant should serve 6 months in jail.
In determining the appropriate sentence to impose the trial judge may consider the plea agreement. State v. Lanclos, 419 So.2d 475 (La.1982). The aim of C.Cr.P. art. 894.1 "is to make the punishment fit the criminal as well as the crime. To meet that ideal, a trial judge must consider every circumstance surrounding the offense, including plea bargain." Id. at p. 478. See also State v. Walton, 498 So.2d 1206 (La.App. 3rd Cir.1986).
Prior to entering into a plea agreement the defendant faced a potential fine of $2,000.00 and imprisonment for up to five years at hard labor. The plea agreement reduced the sentencing exposure to a maximum sentence of six months without hard labor and a $500.00 fine.
"Although a case is ordinarily remanded for resentencing when a trial court fails to state its basis for the sentence imposed, a remand for more complete compliance with LSA-C.Cr.P. art. 894.1 is not necessary when the sentence is not apparently severe or where the record otherwise supports the sentencing choice." State v. Gordon, 504 So.2d 1135, 1143 (La.App. 5th Cir.1987) (citations omitted). See also State v. Jones, 412 So.2d 1051 (La.1982).
The record reflects that the pre-sentence report did not recommend probation and that the defendant received a substantial benefit from the plea agreement. Though the sentence imposed is the maximum incarceration for simple battery, the sentence is substantially less than the potential sentence for second degree battery for which he was originally charged.
For these reasons, we affirm the defendant's sentence of six months in the Parish Correctional Center.
AFFIRMED.