550 So.2d 961 (1989)
STATE of Louisiana
v.
Eric RICHARDSON.
No. 89-KA-244.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1989.
Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff/appellee.
Bruce G. Whittaker, 24th Judicial Dist., Indigent Defender Bd., Gretna, for defendant/appellant.
Before KLIEBERT, GAUDIN and GOTHARD, JJ.
GOTHARD, Judge.
This appeal is from a sentence imposed upon a defendant charged with manslaughter, LSA-R.S. 14:31, by indictment of the Jefferson Parish Grand Jury. The defendant, Eric Richardson pled guilty to the charge as part of a plea bargain agreement in which the State agreed to drop a simple robbery charge also pending against the defendant. After conducting a Boykin colloquy with Richardson and indicating that the maximum sentence imposed would be *962 ten years at hard labor, the trial judge accepted the defendant's guilty plea and ordered a Pre-Sentence Investigation Report (PSI). On February 17, 1989, the trial judge sentenced Richardson to serve ten years at hard labor, with credit for time served. The defendant's motion for appeal was filed and granted on the same day as the sentencing.
The defendant assigns as error excessiveness of the sentence.
On June 13, 1988, seventeen-year-old Eric Richardson shot and killed his cousin, Mildred Anderson, at his home. Although the transcript contains few details of the shooting, defendant's counsel's brief concedes that the weapon was fired during a struggle over the gun.
In pronouncing the sentence the trial judge said to the defendant:
It is clear when individuals who are allowed to run the streets of this parish have weapons in their possession, that they must be held accountable for the full consequences of their actions.
I have looked at the pre-sentence report. I have made a plea bargain agreement with you. I am satisfied that the mitigating circumstances in this case are applicable only with respect to the amount of time to be imposed. This Court specifically finds that one, you are in need of correctional treatment or a custodial environment that can be provided most effectively by your commitment to an institution; two, because of the seriousness of the crime, any lesser sentence would deprecate from the seriousness of the crime; and, three, your actions in this particular case, indicate to me that there is an undo (sic) risk that during the period of a suspended sentence or probation you would commit another crime.
Accordingly, under the guidelines established in 894.1, this Court hereby sentences you to a term of ten years at hard labor. You are remanded to the custody of the Department of Corrections for execution and implementation of that sentence.
Counsel for Eric Richardson argues that the ten year sentence imposed by the trial judge is excessive because the defendant was seventeen at the time of the killing and had a clean record; furthermore, the shooting took place during a struggle over the gun between Richardson and his cousin, the victim.
The plea bargain agreed to by Richardson provided for a maximum sentence of ten years, that is, that the jail term would be within a certain range with a ceiling of ten years. The sentence imposed upon Richardson is appealable as excessive because of the agreement for a term with a certain range, while a sentence imposed under a plea bargain setting a specific term may not be appealed. State v. Bell, 412 So.2d 1335 (La.1982).
The Louisiana Constitution, in Article 1, Section 20, prohibits the imposition of excessive punishment. Even a sentence within the prescribed statutory limit may violate a defendant's constitutional right against excessive punishment. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Sepulvado, 359 So.2d 137 (La.1978), appeal after remand 367 So.2d 762 (La.1979); State v. Smith, 520 So.2d 1252 (La.App. 5 Cir.1988), writ denied 523 So.2d 1320 (La. 1988). A sentence is considered unconstitutionally excessive if it is grossly out of proportion to the severity of the offense or is nothing more than a needless and purposeless imposition of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Rochefort, 504 So.2d 1116 (La.App. 5 Cir.1987). However, given compliance with La.C.Cr.P. art. 894.1 and absent a sentence that shocks the reviewing court's sense of justice, a sentence will not be set aside as unconstitutionally excessive unless there is manifest abuse of the trial judge's discretion. State v. Sweeney, supra; State v. Calamia, 490 So.2d 428 (La.App. 5 Cir. 1986).
La.C.Cr.P. art. 894.1 provides a framework for evaluating whether a sentence is excessive, though within the statutory limits. State v. Sepulvado, supra. Under that article, a trial court sentencing an offender should consider the seriousness of *963 the crime, the facts surrounding the offense, the offender's personal background and prior criminal record, the likelihood that the offender will commit another crime, and the offender's rehabilitation potential. To insure that the sentence imposed on an offender is tailored to the particular offense, the trial court is required to specify the aggravating and mitigating circumstances considered in imposing sentence. However, the judge need not articulate every factor he considered as long as the record reflects that he considered sufficiently the guidelines of article 894.1 in imposing the particular sentence. State v. Trahan, 412 So.2d 1294 (La. 1982); State v. Accardo, 466 So.2d 549 (La.App. 5 Cir.1985), writ denied, 468 So.2d 1204 (La. 1985).
The maximum sentence for manslaughter is twenty-one years at hard labor. LSA-R.S. 14:31. The trial judge sentenced Richardson to serve ten years at hard labor, the maximum sentence under the plea bargain agreed upon by the defendant. At the sentencing hearing, the judge reviewed the Pre-Sentencing Investigation Report (PSI), noting that the defendant was not recommended for the Impact Program[1] but had no prior convictions. Then specifically referring to the guidelines set out in La.C.Cr.P. art. 894.1, the trial judge stated that the defendant was armed with a gun at the time of the killing, that he was in need of correctional treatment in a custodial environment, that a lesser sentence would only serve to minimize the seriousness of the offense, and that there was an undue risk that he might perpetrate another offense during any period of probation or suspension of the sentence.
In formulating the appropriate sentence, the trial judge was entitled to consider that the defendant, by entering into the plea bargain, significantly reduced the sentence he could have received. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Ancona, 527 So.2d 451 (La.App. 5th Cir.1988). Richardson reduced his potential sentence by more than half through the plea bargain. Moreover, as a first offender, Richardson's eligibility for parole consideration will commence after he has served one-third of the sentence imposed. LSA-R.S. 15:574.4A(1). The trial judge may take parole eligibility into account in fixing sentence. State v. Green, 418 So.2d 609 (La.1982).
We find that the ten-year sentence for manslaughter is not excessive in light of the court's compliance with the sentencing guidelines and the substantial reduction in the defendant's potential sentence, along with the possibility of parole. The trial judge advised the defendant, prior to sentencing, that the sentence would fall within a certain range of time. He then restricted sentencing to the terms of the plea bargain negotiations. State v. Lanclos, supra; State v. Jackson, 498 So.2d 87 (La.App. 5 Cir.1986).
The defendant also assigns as error any and all errors patent on the face of the record. We have examined the entire record, including the transcript of the Boykin colloquy and the form signed by the defendant, and have discovered no errors.
Accordingly, for the reasons assigned above, the defendant's sentence is affirmed.
AFFIRMED.
NOTES
[1] The Impact Program, or intensive incarceration, was established by LSA-R.S. 15:574.4 as a means for first offenders meeting certain criteria to gain early release from prison. The offender must be recommended for the program by the Probation and Parole Division of the Department of Corrections. LSA-R.S. 15:574.4A(2)(a)(ii).