597 So.2d 1188 (1992)
STATE of Louisiana
v.
Kennedy JACKSON.
No. 91-KA-963.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1992.
*1189 Donald D. Candell, Gonzales, for plaintiff-appellee State of La.
Dale J. Petit, Indigent Defender, Hester, for defendant-appellant Kennedy Jackson.
Before KLIEBERT, DUFRESNE and WICKER, JJ.
KLIEBERT, Chief Judge.
The sole assignment of error presented in this criminal prosecution concerns whether or not the sentence imposed is excessive.
The defendant, Kennedy Jackson, was charged by grand jury indictment filed April 10, 1990 with forcible rape in violation of LSA-R.S. 14:42.1. After pleading not guilty at arraignment on May 8, 1990, the defendant proceeded to trial on May 14, 1991 and the following day the jury returned a verdict of guilty as charged. On September 16, 1991 the trial court sentenced the defendant to 40 years at hard labor of which 20 would be served without benefit of parole, probation or suspension of sentence and gave defendant credit for time served. The defendant was 29 years of age at the time of sentencing.
While the appellant in brief alludes to the sufficiency of the evidence without assigning such as error, there is no question but that the victim's testimony established that the defendant forced her, a 14 year old, to have sexual intercourse. This occurred despite her efforts to resist the rape by attempting to get out of the vehicle they were in, despite her attempt to fight off the "too big" defendant, and with her belief that continued resistance would not have prevented the rape. The question presented by the appeal concerns only whether, as indicated at the outset, the sentence is excessive for a first felony offender.
The Louisiana Constitution, in Article 1, Section 20,[1] prohibits the imposition of excessive punishment. Even a sentence within the prescribed statutory limit may violate a defendant's constitutional right against excessive punishment. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Richardson, 550 So.2d 961 (La.App. 5th Cir.1989). A sentence is considered unconstitutionally excessive if it is grossly out of proportion to the severity of the offense or is nothing more than a needless and purposeless imposition of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Richardson, supra.
In reviewing a sentence for excessiveness this Court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentence. State v. Davis, 449 So.2d 452 (La.1984); State v. Lynch, 512 So.2d 1214 (La.App. 5th Cir. 1987). A sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Davis, supra; State v. Lynch, supra.
Sentences must be individualized to be compatible with the offenders as well *1190 as the offense. State v. Robicheaux, 412 So.2d 1313 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981). To ensure that the sentence imposed on an offender is tailored to the particular offense, the trial court is required to specify the aggravating and mitigating circumstances considered in imposing sentence. State v. Trahan, 412 So.2d 1294 (La.1982); State v. Richardson, supra. However, the judge need not articulate every factor he considered as long as the record reflects that he considered sufficiently the guidelines of LSA-C.Cr.P. art. 894.1 in imposing the particular sentence. State v. Trahan, supra; State v. Richardson, supra. When article 894.1 has been complied with, a sentence should not be set aside as excessive in the absence of a clear abuse of the wide discretion afforded the trial judge in the imposition of sentences within statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983).
The defendant was convicted of forcible rape which carries a possible sentence of 40 years imprisonment at hard labor, at least two of which must be imposed without benefit of probation, parole, or suspension of sentence. LSA-R.S. 14:42.1. Here, the trial court imposed the maximum sentence and further ordered 20 years to be served without benefit of parole, probation, or suspension of sentence.
The sentencing guidelines of C.Cr.P. art. 894.1 were more than adequately considered by the trial judge. He went into meticulous detail in reviewing every fact pertinent to the imposition of an appropriate sentence. His findings, all amply substantiated by the record, reveal essentially the following:
First, he concluded that the defendant did not act under strong provocation, noting that although the victim's conduct in entering the vehicle with defendant and his friend was unwise and foolish that, nevertheless, there were absolutely no grounds to justify the rape that ensued. The court found further that the defendant's crime resulted in serious harm to the 14 year old victim who missed school for a substantial length of time, required psychiatric counseling and was left with psychological scars from which she may never completely recover. Her grades in school dropped substantially and all of her family was affected by the trauma she suffered. The court concluded, and correctly so, that the defendant must have contemplated that his conduct would cause or threaten serious harm to such a young victim. There was no compensation to the victim nor could there be for such a heinous crime.
The trial judge delved intimately into the defendant's background, past behavior, education, work record, and the like. He concluded that the overall picture did not portray one who had led a law-abiding life, but rather one whose character and attitude reflected little regard for the rights of others, particularly unsuspecting youthful females, that he would be prone to engage in similar conduct in the future and would not affirmatively respond to probationary treatment. The facts amply substantiate these findings and conclusions.
The trial court found nothing in the record which would indicate that imprisonment would entail excessive hardship to defendant or his family, considering that he had no children and had been separated from his wife since August of 1990.
The conclusion of the court below that there was an undue risk that during the period of suspended sentence or probation the defendant would commit another crime, that he is in need of correctional treatment or a custodial environment which could be provided most effectively by his commitment to an institution and that a lesser sentence than the one imposed would deprecate the seriousness of the crime, are all supported by the detailed facts found in the record.
We are impressed by the trial judge's observation that:
"The Court is of the opinion that such a brutal and heinous act perpetrated against such a youthful victim merits the full range of punishment afforded by the law. The Court is aware that maximum sentences are reserved for cases involving the most serious offenses and for the most serious criminals; however, the Court believes that the facts and circumstances *1191 surrounding this case places the defendant in this category."
We find that the trial judge did an excellent piece of work in reviewing the mitigating as well as aggravating circumstances presented and that the sentence handed down was tailored to the offense committed. Certainly, there was no abuse of discretion and the sentence cannot be found excessive.
A review of the record reveals that there are no errors patent.
For the reasons assigned the conviction and sentence appealed from are affirmed.
AFFIRMED.
NOTES
[1] Article 1, Section 20 provides: "No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment. Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense."