620 So.2d 366 (1993)
STATE of Louisiana
v.
Joseph CONRAD.
No. 93-KA-130.
Court of Appeal of Louisiana, Fifth Circuit.
May 25, 1993.
*367 Dorothy A. Pendergast, John Molaison and Terry Boudreaux, Dist. Attorney's Office, Gretna, for plaintiff/appellee, State of Louisiana.
Martin E. Regan, Jr., and Hans P. Sinha, New Orleans, for defendant/appellant, Joseph Conrad.
Before KLIEBERT, C.J., and BOWES and DUFRESNE, JJ.
BOWES, Judge.
The defendant, Joseph Conrad, appeals a verdict and sentence of the 24th Judicial District Court, in which he was found guilty of armed robbery and sentenced to 49½ years of hard labor. We affirm the *368 conviction, amend the sentence and affirm as amended.

STATEMENT OF THE CASE
The Jefferson Parish District Attorney filed a bill of information charging the defendant, Joseph Conrad, with armed robbery in violation of LSA-R.S. 14:64 and illegal use of a weapon by a convicted felon in violation of LSA-R.S. 14:95.1. At the arraignment, the defendant pled not guilty.
Following a jury trial the jury returned a verdict of guilty of armed robbery.
After the trial the defendant filed a pro se Motion for a New Trial and a second pro se Motion for Arrest of Judgment. In addition, his counsel filed a second Motion for New Trial along with numerous other motions. A hearing was held on May 20, 1992, to consider the post-verdict motions, and the trial judge denied all of the motions.
Defendant was sentenced to hard labor for a period of forty-nine and one-half years without benefit of parole, probation, or suspension of sentence.
A Motion to Reconsider Sentence was filed and denied by the trial court.[1]

FACTS AND EVIDENCE
On August 6, 1991, at approximately 10:00 p.m., Sharon Kenmure, the victim, was sitting outside of her apartment located in the Mark Twain II Apartment complex on Jefferson Highway in Harahan. As she sat waiting for a friend to pick her up, the defendant, Joseph Conrad, entered the apartment complex riding a yellow ten speed bicycle. Conrad initially rode past the victim but then turned around and approached Kenmure.
After the defendant rode up to where she was seated, he asked for her purse. Kenmure told Conrad that he could not have her purse. The defendant then removed a gun from his pants and said, "You have no choice." Conrad then grabbed the purse from her shoulder and placed the straps between his fingers. As the defendant pulled the purse away, Kenmure attempted to retrieve her keys and cigarette case which were loose on top of the purse. When Conrad reached for the cigarette case, she said, "No you don't." At that point, the complex security guard appeared in the parking lot. When Conrad glanced toward the security guard, Kenmure retrieved her purse from the defendant. Conrad then fled on his bicycle, and Kenmure called "911" to report the incident.
Deputy Brian Ruiz of the Jefferson Parish Sheriff's Office responded to the call and obtained a physical description of the defendant from Ms. Kenmure. Ruiz testified that the victim described her assailant as a "black male that appeared to look young, a slender face wearing ... grayish color, a faint grayish color pair of cut-off shorts that were almost white ... a pink shirt and a white hat." She also told officer Ruiz that he was riding a yellow bicycle.
Deputy Ruiz then testified that about thirty minutes after the incident he observed the defendant four to five blocks from the victim's apartment riding a yellow bicycle and wearing clothing which matched Kenmure's description of the perpetrator. When Ruiz and the other officer who were on patrol in the area attempted to apprehend Conrad, he fled through a residential area into a wooded area. At that point, the officers "flushed" the defendant out of the wooded area causing him to flee into the courtyard of a nearby apartment complex. Conrad attempted to hide underneath a parked vehicle and was ultimately apprehended. The victim did not see the defendant at any time between August 6, 1991, and November 15, 1991, the date of trial; however, she did identify him as the perpetrator in a physical line-up conducted on November 15, 1991, prior to the trial. Ms. Kenmure also identified the defendant at the trial, and identified his clothing; finally she stated emphatically *369 that Conrad was the man who had robbed her.
The only witness presented by the defense was the defendant. Conrad admitted fleeing from the police but denied robbing Sharon Kenmure.

ASSIGNMENT OF ERROR NUMBER ONE
The evidence presented by the State was insufficient to prove beyond a reasonable doubt the requisite elements of armed robbery.
Here the defendant challenges the sufficiency of the evidence which was used to convict him of armed robbery. Appellant's brief specifically challenges the sufficiency with regard to the "taking" element of the crime.
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) requires that a conviction be based on proof sufficient for any rational trier of fact, reviewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Honore, 564 So.2d 345 (La.App. 5 Cir.1990).
Defendant was charged with armed robbery, and the jury returned a guilty verdict. LSA-R.S. 14:64 defines armed robbery as follows:
A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
Appellant contends that the evidence presented at trial did not establish the fact that a "taking" occurred in this case, and he therefore asserts the only offense for which the defendant could have been found guilty was attempted armed robbery.
In State v. Neal, 275 So.2d 765 (La. 1973), the Louisiana Supreme Court addressed the issue of what constitutes a "taking" under LSA-R.S. 14:64. There the Court wrote:
We are in accord with the trial court's Per Curiam to the effect that the slightest asportation of anything of value ... the slightest deprivation for the slightest period of time ... the slightest segregation of the property moved the slightest distance is sufficient to satisfy the elements of a theft, which is part of the crime charged. A theft occurs, when the thing is taken, although it may remain in possession of the thief for only seconds. See, Comments, LSA-R.S. 14:67. See also 2 Wharton's Criminal Law and Evidence (12th ed.) Robbery, Section 552.
Id. at 770. During the trial, the victim testified, "He reached with his left hand and grabbed my purse off my shoulder...". She also stated, "He took my purse and put the straps over his finger ... I grabbed my purse back from him ...". [emphasis added]. Thus, it appears that the above statements are sufficient under the Neal rationale to establish the "taking" element of armed robbery as contemplated under LSA-R.S. 14:64. These statements indicate that the defendant did have possession of the victim's purse at some point during the incident.
Viewing the evidence in the light most favorable to the prosecution, it appears that the State proved beyond a reasonable doubt all of the elements necessary to sustain defendant's conviction for armed robbery. Accordingly, this assignment is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
The trial court erred in the denial of the post-verdict Motion for New Trial and Motion for Arrest of Judgment.
The pro se motions for arrest of judgment and new trial are not validly before us. Defendant was represented by counsel throughout the proceeding. Defendant cannot be both represented and representative at the same time. See State v. McCabe, 420 So.2d 955 (La.1982). Moreover, *370 in any event, the motions are without merit.[2]
Defendant's counsel filed an amended motion for new trial, based on insufficiency of the evidence. As pointed out hereinabove, the evidence was sufficient to support the conviction. Moreover, we find no basis for the allegation in the motion that the ends of justice would be served by granting a new trial, as there might be nothing therein upon which to conclude that a new trial may result in a different outcome. This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER THREE
The trial court erred in imposing a fortynine and one-half year sentence on the defendant.

ASSIGNMENT OF ERROR NUMBER FOUR
The trial court erred in denying the Motion to Reconsider Sentence.
Here counsel for the defense asserts that the trial court erred in imposing the defendant's sentence. The defendant presents three arguments in support of this assignment. First, he argues that the sentence was improper because the trial judge did not consider article 894.1 of the Louisiana Code of Criminal Procedure. Appellant's second argument is that the sentence imposed was not in compliance with the sentencing guidelines. Finally, the defendant argues that the sentence is constitutionally excessive.
With reference to the argumentation on excessive sentence, the Louisiana Constitution, in Article 1, Section 20, prohibits the imposition of excessive punishment. Even a sentence within the prescribed statutory limit may violate a defendant's constitutional right against excessive punishment. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Richardson, 550 So.2d 961 (La.App. 5 Cir.1989). A sentence is considered unconstitutionally excessive if it is grossly out of proportion to the severity of the offense or is nothing more than a needless and purposeless imposition of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Richardson, supra.
In reviewing a sentence for excessiveness this Court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining the imposing sentence. State v. Davis, 449 So.2d 452 (La.1984); State v. Lynch, 512 So.2d 1214 (La.App. 5 Cir.1987). A sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Davis, supra; State v. Lynch, supra.
When reviewing a judge's sentencing discretion, the court should consider three factors: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Smith, 520 So.2d 1252 (La.App. 5 Cir.1988), writ denied, 523 So.2d 1320 (La.1988).
The trial court sentenced appellant to a term of forty-nine and one-half years *371 at hard labor without benefit of parole, probation, or suspension of sentence with credit for time served. A review of the jurisprudence reveals that similar sentences for armed robbery have been upheld. In State v. Williams, 536 So.2d 773 (La.App. 5 Cir.1988), a fifty (50) years sentence for the defendant's first armed robbery offense was upheld where the defendant had an extensive criminal record. Similarly, in State v. Watson, 575 So.2d 411 (La.App. 4 Cir.1991), the Fourth Circuit upheld a fifty (50) years sentence where the defendant had a significant criminal history and a prior conviction for armed robbery. In the present case, the defendant has a prior conviction for armed robbery, a prior conviction for shoplifting, and numerous prior arrests on his record. Taking into consideration Williams and Watson mentioned above, we hold that a forty-nine and one-half year sentence is certainly not excessive for this defendant's second conviction for armed robbery. Therefore, this argument lacks merit.
Article 894.1 of the Louisiana Code of Criminal Procedure currently provides in part:
A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
[Emphasis added].
LSA-C.Cr.P. art. 894.1, effective January 31, 1992. [emphasis added]. The previous LSA-C.Cr.P. article 894.1, provided in part:
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
Since the defendant was sentenced after January 31, 1992, the new version LSA-C.Cr.P. article 894.1, as last amended on that date, is applicable to the case. A review of the sentencing hearing held on September 4, 1992, reveals that the trial judge may have not followed the current LSA-C.Cr.P. article 894.1 because at the hearing the judge stated:
Mr. Conrad, you've come before this court today with respect to your sentencing on a conviction for armed robbery. That armed robbery was tried in this court. During the course of that trial, if I'm not mistaken, you testified, did you not? you testified to the fact that you admitted a prior conviction for armed robbery. Accordingly, this Court must determine the appropriate sentencing. This court is convinced that (1) there is an undue risk that during the period of a suspended sentence or probation that you would commit another crime, (2) I am satisfied that you are in need of correctional treatment or a custodial environment that can be provided most effectively by your commitment to an institution. I base that upon the fact that you have been previously convicted of an armed robbery. You again have committed an armed robbery with a dangerous weapon, to wit a gun. And I'm further satisfied that any lesser sentence would deprecate from the seriousness of your crime.
However, LSA-C.Cr.P. art. 894.1, quoted hereinabove, mandates that no sentence be declared unlawful or excessive solely due to failure of the court to follow the sentencing guidelines. Additionally, LSA-C.Cr.P. art. 881.4(D) provides:
The appellate court shall not set aside a sentence for failure to impose a sentence in conformity with the sentencing guidelines for excessiveness if the record supports the sentence imposed.
Because we do not find the sentence to be excessive and because the record *372 fully supports the sentence, we will not set aside defendant's sentence, and are not mandated to do so under the laws cited hereinabove.
Finally, we have examined the record for patent error in accordance with State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Pittman, 585 So.2d 591 (La.App. 5 Cir.1991), writ denied, 586 So.2d 545 (La. 1991).
A review of the record reveals that the hard labor sentencing form is inconsistent with the sentencing transcript. The transcript, unlike the sentencing form, reflects that the defendant will be given credit for time served. It is well established that where there is a discrepancy between the minutes and transcript, the transcript must prevail. State v. Lynch, 441 So.2d 732 (La.1983). Therefore, the hard labor sentencing form is hereby amended to reflect that the defendant was given credit for time served.

DECREE
The verdict finding the defendant guilty of armed robbery is affirmed and his sentence, as amended, giving him credit for time served, is also affirmed.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] Although the filing of the Motion for Appeal on May 27, 1992 appears to be premature, it has been held that where a sentence is imposed after defendant's Motion for Appeal is filed and granted, the appeal need not be dismissed. State v. Martin, 483 So.2d 1223 (La.App. 4 Cir. 1986).
[2] LSA-C.Cr.P. art. 859 states certain enumerated grounds for arrest of judgment, as follows:

The court shall arrest the judgment only on one or more of the following grounds:
(1) The indictment is substantially defective, in that an essential averment is omitted;
(2) The offense charged is not punishable under a valid statute;
(3) The court is without jurisdiction of the case;
(4) The tribunal that tried the case did not conform with the requirements of Articles 779, 780 and 782 of this code;
(5) The verdict is not responsive to the indictment, or is otherwise so defective that it will not form the basis of a valid judgment;
(6) Double jeopardy, if not previously urged; or
(7) The prosecution was not timely instituted, if not previously urged.
Defendant's motion attacks the character of the victim, the sufficiency of the evidence, and other matters not enumerated above. There is no basis in the law for the motion.