BOWES, Judge.
Appellantydefendant, David Hill, appeals his sentence for possession of cocaine, a violation of LSA-R.S. 40:967C. We affirm.

FACTS

On November 15, 1991, Officers Mike Mouier and David Yenari of the Jefferson Parish Sheriffs Office, were patrolling the area of the Royal Oaks Motel on Alice Street in Marrero, known to be a high crime area especially for prostitution and drug transactions. Sometime after midnight, the officers observed defendant pull into the parking lot of this motel. Defendant, who was alone, exited his car and walked toward a room, leaving the car door wide open.
The officers, who were in an unmarked unit, pulled in behind defendant. Deputy Yenari approached defendant while Officer Mouier walked up to defendant’s car and observed, from the outside of the vehicle, a substance that appeared to be crack cocaine on the console. Thereafter, Deputy Mouier entered the ear, seized the narcotics, and called a narcotics agent. Agent John Ladd responded to the call. Upon his arrival, he performed a preliminary field test on the substance which proved positive for the presence of cocaine. Defendant was thereafter placed under arrest and transported to the police station.
Ms. Rose Tate, a forensic chemist with the Jefferson Parish Sheriffs Office, testified that her subsequent analysis of the rock-like substance revealed that it contained cocaine.
In his defense, defendant testified that he did not have rock cocaine on the console of his car or anywhere else in his car. He claimed that he went to the motel to visit a female friend.
The jury, after listening to this evidence, found defendant guilty of possession of cocaine.
On December 15, 1992, the trial judge sentenced defendant to one year in parish prison with credit given for time served.
Defendant appeals solely on the issue that he claims his sentence was excessive.

ANALYSIS

In State v. Jones, 559 So.2d 492, 495 (La.App. 5 Cir.1990), unit denied, 566 So.2d 981 (La.1990), this Court summed up applicable jurisprudence the following regarding excessive sentences:
The courts are prohibited from imposing cruel, excessive, or unusual punishment by Article I, Section 20 of the Louisiana Con- *110 stitutíon of 1974. Sentences which are “grossly out of proportion to the severity of the crime” or “nothing more than the purposeless and needless imposition of pain and suffering” are excessive. State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2845, 85 L.Ed.2d 862 (1985); State v. Studivant, 531 So.2d 589 (La.App. 5th Cir.1988). Even sentences which are within statutory limits may violate a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tyler, 524 So.2d 239 (La.App. 5th Cir.1988).
In reviewing a sentence for exces-siveness the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentence. A sentence within statutory limits will not be set aside as excessive absent a manifest abuse of discretion. State v. Davis, 449 So.2d 452 (La.1984); State v. Lynch, 512 So.2d 1214 (La.App. 5 Cir.1987).
The court should consider three factors in reviewing a judge’s sentencing discretion 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Smith, 520 So.2d 1252 (La.App. 5 Cir.1988), writ denied, 523 So.2d 1320 (La.1988).
LSA-C.Cr.P. art. 894.1(A) states:
When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission. See also LSA-C.Cr.P. art. 881.6.
LSA-C.Cr.P. art. 881.4D further provides that the appellate court shall not set aside a sentence for failure to impose a sentence in conformity with the sentencing guidelines or for excessiveness if the record supports the sentence imposed.
Recently, the Louisiana Legislature passed resolution No. 269 which clarifies the legislative intent that the felony sentencing guidelines promulgated by the Louisiana Sentencing Commission pursuant to LSA-R.S. 15:326 are advisory rather than mandatory. The resolution recognizes that the sentencing judge has the discretion to reject the sentencing guidelines as long as the sentencing transcript reflects the reasons for the sentence and a factual basis justifying the sentence actually imposed.[1]
Although it has not yet issued an opinion specifically discussing the new sentencing guidelines, the Louisiana Supreme Court appears to take the position that the record of sentencing must either demonstrate adequate compliance with LSA-C.Cr.P. art. 894.1, as amended, or reflect a factual basis for the imposition of sentence.
In State v. Sabathe, 613 So.2d 710 (La.App. 5 Cir.1993), defendant appealed his five year sentence for driving while intoxicated to this Court, alleging that it was excessive. After considering the comments made by the trial judge, this Court affirmed defendant’s sentence, finding that “the sentence imposed fits appellant’s criminal behavior.” Defendant then applied to the Louisiana Supreme Court for review of his sentence. In State v. Sabathe, 617 So.2d 1176 (La.1993), the Supreme Court granted defendant’s writ application, vacated his sentence and remanded the matter to the district court for resentencing under LSA-C.Cr.P. art. 894.1, as amended by La.Acts 1991, No. 22, Sec. 1, eff. January 31, 1992. In so doing, the Supreme Court stated:
The record of sentencing neither demonstrates adequate compliance with La. C.Cr.p. art. 894.1, as amended, nor provides a factual basis for the imposition of a near-maximum term of imprisonment on the defendant.
*111 [Emphasis supplied].
See also State v. Conrad, 619 So.2d 1060 (La.1993).
In State v. Smith, 610 So.2d 152 (La.App. 4 Cir.1992) the Fourth Circuit interpreted LSA-C.Cr.P. arts. 881.1-881.4, 881.6 and 894.1 as follows:
We can give full meaning to Articles 881.1-881.4, Article 881.6 and Article 894.1 by holding, as we have, that rigid conformity to the guidelines is not required. What is required, however, is that the guidelines be consulted and used as a norm. Where aggravating or extenuating circumstances are present and of record, an enhanced or reduced sentence may be imposed. However, a sentence that grossly exceeds the guidelines and is not supported by the record is unlawful.
We cited Smith with approval in State v. Orgeron, 620 So.2d 312 (La.App. 5 Cir.1993). See also, State v. Conrad, 620 So.2d 366 (La.App. 5 Cir.1993) wherein we found that under the applicable articles cited herein-above, we were not mandated to set aside the sentence and did not find the sentence to be excessive based on the record.
In the present case, defendant was convicted of possession of cocaine and was thereafter sentenced to one year in parish prison, with credit given for time served. LSA-R.S. 40:967 C(2) provides that “any person who violates this Subsection as to any other controlled dangerous substance shall be imprisoned with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars.”
In imposing the instant sentence, the trial judge gave the following reasons:
Mr. Hill was found guilty by a six (6) - person jury previously. Sentencing was set, and I think Mr. Hill was ill, and it was continued.
At this time the Court’s going to sentence Mr. Hill to one (1) year in parish prison. I will give him credit for any time he’s already served on the charge.
The reason the Court is sentencing him to jail instead of putting him on probation is because I think that he is in need of some correctional treatment and a custodial environment, and this can be best done by putting him in parish prison for a short period of time. I think a lesser sentence would deprecate the seriousness of the Defendant’s crime.
Defendant contends that under the sentencing guidelines, this sentence is excessive because he should have received a sentence of probation. There is not enough information in the record to determine if this classification is correct; nevertheless, that is not significant here because the trial judge has authority to depart from the designated sentencing range.
Section 209 of the Sentencing Guidelines provides for departures from the designated sentence range. According to Section 209 A(3), the court should depart from the designated sentence range when sufficient aggravating or mitigating circumstances are present significantly sufficient to differentiate the case from the “typical” case arising under the offense of conviction.
Section 209A(4) further provides:
When departing from the designated sentence range, the court shall:
a. pronounce a sentence which is proportional to the seriousness of the offense and the offender’s criminal history; and
b. state for the record the reasons for the departure which shall specify the mitigating or aggravating circumstances, and the factual basis therefor.
Although the trial judge declined to order a P.S.I. which would have revealed defendants criminal history, if any, and did not enlighten us with specific detailed reasons, or aggravating or mitigating circumstances, he did state some reasons for the record for the sentence imposed. Therefore, we cannot say that he fails to fulfill the sentencing requirements laid down by the Supreme Court. Further, the record supports the sentence imposed, especially since it is within the very lower range of the possible penalties provided for in the law, and came after a full jury trial which explored all the facts.
In addition, a review of similar cases supports the sentence imposed. See State v. *112 Edwards, 575 So.2d 902, 905 (La.App. 2 Cir.1991); and eases cited therein.
Accordingly, we find the assignment of error has no merit.

ERROR PATENT REVIEW

Finally, we have examined the record for patent error in accordance with State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Pittman, 585 So.2d 591 (La.App. 5 Cir.1991), writ denied, 586 So.2d 545 (La.1991), and find none.
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
ATTACHMENT

FOOTNOTE 1

Regular Session, 1993
HOUSE CONCURRENT RESOLUTION NO. 269
BY REPRESENTATIVE DEWITT
ENROLLED
A CONCURRENT RESOLUTION
To urge and request the district and appellate court judges and supreme court justices of the state of Louisiana to implement and interpret the felony sentencing guidelines promulgated pursuant to R.S. 15:326 as advisory, rather than mandatory; and to recognize that the sentencing judge, after properly considering the guidelines, retains the discretion to reject the sentencing guidelines, provided the sentencing judge states for the record the reasons for the sentence and a factual basis justifying the sentence imposed.
WHEREAS, the Louisiana Sentencing Commission promulgated felony sentencing guidelines pursuant to R.S. 15:326 and such felony sentencing guidelines became effective on January 1, 1992; and
WHEREAS, the Louisiana Sentencing Commission was created for the purpose of assisting the judiciary by the formulation of a uniform sentencing policy in the form of advisory sentencing guidelines to be considered in determining sentences in particular cases; and
WHEREAS, current law requires that a sentencing judge consider the felony sentencing guidelines and does not mandate that judges apply the sentences recommended by the felony sentencing guidelines grid; and
WHEREAS, some district and appellate court judges have accepted the felony sentencing guidelines grid as mandatory; and
WHEREAS, the felony sentencing guidelines grid may not be deemed appropriate for application to every case; and
WHEREAS, the Louisiana Sentencing Commission has agreed to continue to study and, where appropriate, to adjust the felony sentencing guidelines grid; and
WHEREAS, it is the sense of this legislature that the list of aggravating and mitigating circumstances set forth in the felony sentencing gmdehnes is designed to assist the trial courts in fulfilling their constitutional duty to articulate reasons for sentence, but the sentencing courts may consider and set forth in the record any other aggravating and mitigating circumstances, such as those formerly found in Code of Criminal Procedure Art. 894.1, which are relevant to the particular case; and
WHEREAS, in those cases where there are no aggravating or mitigating factors present, a sentencing judge who considers that a sentence within the designated sentence range of the guidelines grid will not do justice in the case may pronounce a sentence that is not in conformity with the guidelines scheme upon giving the reasons for the sentence, including the factual basis therefor.
THEREFORE, BE IT RESOLVED that the Legislature of Louisiana does hereby urge and request the district and appellate court judges and supreme court justices of the state of Louisiana to implement and interpret the felony sentencing guidelines promulgated pursuant to R.S. 15:326 as advisory and not mandatory; and to recognize that the sentencing judge, after properly considering the guidelines, retains the discretion to reject the sentencing guidelines, provided the sentencing judge states for the record the *113 reasons for the sentence and a factual basis justifying the sentence imposed.
BE IT FURTHER RESOLVED that a copy of this Resolution be mailed to each district and appellate court judge and supreme court justice in the state of Louisiana.
/s/[Signature]_ SPEAKER OF THE HOUSE OF REPRESENTATIVES
/s/[Signature]_ PRESIDENT OF THE SENATE

. See attachment following the opinion.