GAUDIN, Judge.
Joseph Sabathe was convicted by a jury of violation of LSA-R.S. 14:98D, driving while intoxicated, third offense.
On July 17, 1992, following consideration of a presentence investigative .report, the trial judge sentenced appellant to five years at hard labor, the first two of which are to be served without benefit of parole, with credit for time served. The sentence also contained a condition that he submit to in-house substance abuse while incarcerated and continue treatment if paroled.
On appeal, Sabathe contends .that his sentence was excessive. He also asks this Court to search for errors patent. For the following reasons, we affirm appellant’s conviction and sentence.
Sabathe was arrested on November 28, 1991. The two police officers who found appellant at the wheel of his truck in the Esplanade Mall in Kenner testified that in their many years of police work they had never seen anyone as drunk as Sabathe trying to drive a vehicle. Proof of DWI was overwhelming.
At the sentencing hearing, Sabathe admitted that he was an alcoholic but not a criminal. The trial judge said:
“... you’ve chosen to continue (drinking). In the past, your behavior really hasn’t changed in the fact that you’ve chosen to drink and become intoxicated and drive and endanger the lives of others. After seeing you on the videotape during the trial you are lucky and the public is lucky that you didn’t kill somebody.
“... I think it’s unfortunate that you don't think you’re a criminal. , But what you’ve done is a criminal act. You’ve been convicted. So whatever labels you want to use to define your behavior, that’s entirely up to you. You’ve admitted that you’re an alcoholic. That’s a good step towards recovery. You need to recover, sir. You cannot continue in this behavior. If you do, you’re probably going to spend the rest of your life in jail, because you’ll keep coming back through the system. I appreciate your comments, and the Court will take that into consideration.
“I’ve read the pre-sentence investigation report. I’ve taken into consideration the guidelines of 894.1, your social history, your criminal record, and I’m ready to sentence you.”
The sentence imposed fits appellant’s criminal behavior. We cannot say it is excessive and in violation of the Louisiana Constitution of 1974, Article I, Section 20.
The record contains only one minor error. The minutes indicate, inadvertently, that Sabathe pled guilty when in fact he was found guilty after a trial in the 24th Judicial District Court.
AFFIRMED.